IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMY W. JOINER,
      Petitioner,

vs.                                        Case No. 3:11cv554/RV/CJK

UNITED STATES OF AMERICA,
      Respondent.

---

## REPORT AND RECOMMENDATION

Before the Court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 7). Respondent moves to dismiss the petition on the grounds that petitioner has not established his entitlement to proceed under § 2241. (Doc. 9). Petitioner has responded in opposition to dismissal. (Doc. 10). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that this action should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Milan, Michigan, is currently serving a sentence imposed by the United States District Court for the Eastern District of Arkansas in *United States v. Joiner*, Case Number 4:03cr205-JLH. (Doc. 7, p. 2). In Case No. 4:03cr205, petitioner was

convicted of Conspiracy to Injure a Federal Officer in His/Her Property, in violation of 18 U.S.C. § 372.  *See United States v. Joiner*, Case Number 4:03cr205, Judgment at Doc. 80, Appellate Opinion and Mandate at Doc. 100).  The conviction arose out of petitioner and his co-defendant's attempts to place liens on the real property of the federal judge and federal prosecutor involved in the co-defendant's prior drug-related conviction.  (*Id*.).  Petitioner was sentenced on November 30, 2004, to 60 months imprisonment.  (*Id*.).  Petitioner is due to be released on November 9, 2013.  (Doc. 7, p. 3).

In this habeas action, petitioner challenges his 1988 conviction in this Court for Escape from a halfway house in violation of 18 U.S.C. 751, entered in *United States v. Joiner*, Case Number 88-03065.  (Doc. 7, p. 2).  Petitioner asserts that although he completed serving that sentence, an invalidation of the Escape conviction will enable him to receive credit on his current sentence and result in an earlier release date.  (*Id*., p. 3).  Petitioner asks this Court to "overturn and void" his conviction for Escape pursuant to *Chambers v. United States*, 555 U.S. 122, 129 S. Ct. 687, 172 L. Ed. 2d 484 (2009).  Petitioner argues:  (1) that the Supreme Court in *Chambers* "voided all convictions for escape" and ruled that a "walk away" escape from a halfway house is not an escape, (2) that the *Chambers* decision is "both retroactive and statutory in nature," and (3) that the decision constitutes newly discovered evidence.  (Doc. 7, p. 3 and Mem.).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence must be asserted on direct appeal or under 28 U.S.C. § 2255.  *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*,

643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[1] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence is obtained by filing a notice of appeal in the underlying criminal case.  A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court of conviction.  *Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).  Under limited circumstances, § 2255 permits a federal prisoner to file a habeas petition under § 2241.  28 U.S.C. §§ 2241(a), 2255.  Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).  The italicized language, known as the "savings clause," allows habeas corpus review of a claim, but only in the following circumstances:

> The savings clause of § 2255 applies to a claim when:  1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  The savings clause applies only if the petitioner has satisfied all three elements.  *Id.*  This showing is significant,

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

because a prisoner does not "open the portal" to a § 2241 proceeding until he has demonstrated that the savings clause applies to him.  *Id*. at 1244 n. 3; *McGhee*, 604 F.2d at 10. ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").  The unavailability of relief under § 2255 because of a statute of limitations bar, the prohibition against a second or successive § 2255 motion, or a procedural bar, does not demonstrate that the § 2255 remedy is inadequate or ineffective.  *Wofford*, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.").

Here, petitioner's claims are § 2255 claims, because petitioner challenges the validity of his 1988 Escape conviction.  Petitioner asserts that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, because he is "past the 1 year date."  (Doc. 7, p. 3).  Petitioner further argues that he should be permitted to pursue his claim in a § 2241 petition under the savings clause, because his claimed error is a fundamental defect which inherently results in a miscarriage of justice, and because to disallow him use of § 2241 would violate the Suspension Clause.  (Doc. 7, Mem. at pp. 8-9) (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251 (3ʳᵈ Cir. 1997); and *Swain v. Pressley*, 430 US. 372 (1977)).

Petitioner's belief that the savings clause applies in his case is founded on his misunderstanding of *Chambers*.  The *Chambers* Court did not hold, as petitioner claims, that "walk away" from a halfway house is not escape.  The *Chambers* Court

held that the State of Illinois' crime of failure to report for penal confinement is a separate and different offense from Illinois' crime of escape, and does not qualify as a "violent felony" under the Armed Career Criminal Act. *Chambers*, 555 U.S. at 124-30, 129 S. Ct. at 390-93; *see also id*. at 126-28 (finding that "[t]he behavior that likely underlies a failure to report would seem less likely to involve a risk of physical harm than the less passive, more aggressive behavior underlying an escape from custody."). The Court did not find that Mr. Chambers' conviction for failure to report was invalid, nor did the Court void all convictions for escape.

The record demonstrates that petitioner was not convicted of a crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent.  Petitioner has not demonstrated the inadequacy of the § 2255 remedy, and should not be permitted to bring his claim by § 2241.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 9) be GRANTED.

2.  That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 7) be DISMISSED with prejudice, as petitioner has not demonstrated entitlement to proceed under that section.

3.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 29th day of May, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).